# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:24-CV-00041-DII** |
| | § | |
| **SILICON AUTO GROUP, LLC,** | § | |
| *Defendant* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion for Default Judgment, Dkt. 9. After reviewing Wells Fargo's motion and the relevant case law, the undersigned recommends that the motion be granted.

## I.    BACKGROUND

Wells Fargo filed this lawsuit to recover the amount of money Defendant Silicon Auto Group, LLC ("Silicon Auto") over-drafted from its account with Wells Fargo. Dkt. 1, at 3-4. Silicon Auto deposited a $380,000.00 check into its account from the account of Oceans Exotic Auto LLC ("Oceans Exotic"), and withdrew, transferred, or otherwise used the proceeds of that check. *Id.* at 2. When Oceans Exotic closed its account, the check was returned to Oceans Exotic's account which caused Silicon Auto's account to be overdrawn in the amount of $249,606.32. *Id.* at 2-3. Silicon Auto never paid Wells Fargo the overdrawn amount despite Wells Fargo's demands for reimbursement. *Id.* at 3. Silicon Auto's overdraft is governed by the account

1

agreement between the parties, which required Silicon Auto to reimburse Wells Fargo for the overdrawn amount. *Id.*

Based on the alleged breach of the account agreement, Wells Fargo brings one claim for breach of contract against Silicon Auto. *Id.* at 3-4. When Silicon Auto failed to respond to Wells Fargo's complaint or otherwise appear in this lawsuit, Wells Fargo moved for entry of default, which the Clerk entered. Dkts. 8, 9. Wells Fargo now moves for default judgment against Silicon Auto, seeking damages in the amount of the overdraft, attorneys' fees and costs, as well as prejudgment and post-judgment interest. Dkt. 9.

## II.    LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)-(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister,* 562 F.2d 343, 345 (5th Cir. 1977).

In considering Wells Fargo's motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether Wells Fargo's complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief,

if any, Wells Fargo should receive. *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008); *see also J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (using the same framework).

## III.    DISCUSSION

### A.    Procedural Requirements

To determine whether entry of a default judgment is procedurally warranted, district courts in the Fifth Circuit consider six factors: "[1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

On balance, the *Lindsey* factors weigh in favor of entering a default judgment against Silicon Auto. Because Silicon Auto has not filed a responsive pleading, there are no material facts in dispute. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Silicon Auto's failure to appear and respond has ground the adversary process to a halt, prejudicing Wells Fargo's interest in pursuing its claim for relief. *See J & J Sports*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests.") (internal citation and quotation marks omitted).

The grounds for default are established: Silicon Auto was properly served and has failed to appear and participate at all, much less timely file a responsive pleading. *See* Dkt. 10. There is no indication that the default was caused by a good-faith mistake or excusable neglect. The undersigned therefore finds that default judgment is procedurally warranted.

### B.    Sufficiency of Wells Fargo's Complaint

Default judgment is proper only if the well-pleaded factual allegations in Wells Fargo's complaint establish a valid cause of action. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. By defaulting, a defendant "admits the plaintiff's well-pleaded allegations of fact." *Id*. In determining whether factual allegations are sufficient to support a default judgment, the Fifth Circuit employs the same analysis used to determine sufficiency under Rule 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While "detailed factual allegations" are not required, the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Wells Fargo brings one claim for breach of contract based on Silicon Auto's breach of the account agreement. Dkt. 1, at 3-5. Under Texas law, the elements for a

breach of contract are: (1) the existence of a valid contract; (2) plaintiff's performance as contractually required; (3) defendant's breach of the contract by failing to perform as contractually required; and (4) damages sustained to the plaintiff due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

Wells Fargo has sufficiently alleged each of these elements. First, Wells Fargo alleged that the parties entered into an account agreement whereby Silicon Auto was required to "cover any overdraft and any services charges" to its account. Dkt. 1, at 1, 4. Second, Wells Fargo alleged that it complied with all "conditions precedent" to recovery under a breach of contract theory—indicating that it has performed its duties under the account agreement. *Id.* at 4. Third, Wells Fargo alleged that Silicon Auto breached the account agreement by overdrawing its account with Wells Fargo and failing to reimburse the bank for the overdraft amount. *Id.* at 3-4; Dkt. 1-2. Finally, Wells Fargo alleged that it sustained damages due to the overdraft and attached a copy of the relevant account statement to demonstrate that amount. Dkts. 1, at 4; 9-3.

Wells Fargo's factual allegations and the record before the undersigned are enough to raise the bank's right to relief above a speculative level as to its claim against Silicon Auto. *Wooten*, 788 F.3d at 498. The undersigned finds that default judgment is substantively warranted as to an entry of judgment on Wells Fargo's sole cause of action for breach of contract.

C.    **Relief**

1.    *Damages*

Wells Fargo requests damages in the amount of $249,606.32, reflecting the overdraft amount of Silicon Auto's account. Dkts. 9, at 2; 9-3. Texas law governs the award of damages on Wells Fargo's breach-of-contract claim. *See, e.g.*, *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 278 (5th Cir. 2009) (applying Texas law to the issue of what damages were owed in a breach-of-contract case after the parties agreed that Texas law controlled the substantive claims). Under Texas law, "the 'normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure.'" *Elsas v. Yakkassippi, L.L.C.*, 746 F. App'x 344, 348 (5th Cir. 2018) (quoting *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). In other words, "'[a] nonbreaching party is generally entitled to all actual damages necessary to put it in the same economic position in which it would have been had the contract not been breached.'" *CQ*, 565 F.3d at 278 (quoting *Abraxas Petrol. Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex. App.—El Paso 2000, no pet.)).

Wells Fargo presented evidence that it suffered a loss of $249,606.32 due to Silicon Auto's breach of the account agreement. Dkts. 9-2; 9-3. An award of damages in that amount would thus put Wells Fargo back in the same position it would have been in absent Silicon Auto's overdraft in breach of the account agreement. *See CQ*, 565 F.3d at 278. The undersigned recommends that the District Judge grant Wells Fargo's requested damages of $249,606.32.

2. *Attorneys' Fees*

Wells Fargo requests attorneys' fees in the amount of $4,851.00 for performing legal services in this matter. Dkt. 9-4, at 2. Texas law provides that a prevailing party[1] "may recover reasonable attorney's fees … in addition to the amount of a valid claim and costs, if the claim is for … (8) an oral or written contract." Tex. Civ. Prac. & Rem. Code § 38.001(b). Texas law also presumes that "the usual and customary attorney's fees for a [contract claim] are reasonable." *Id.* § 38.003. Wells Fargo offered a declaration from its counsel, Robert J. Palmer, testifying to the reasonableness and necessity of the requested attorneys' fees. Dkt. 9-4. The undersigned finds that Palmer's hourly rate, which he discounted to just over half of his usual rate, is customary, and that the hours and costs incurred were reasonably necessary to prosecute this lawsuit. *See id.*; *Euler Hermes N. Am. Ins. Co. v. Mestizos Grp. LLC*, No. 3:22-CV-01127-E, 2023 WL 2230852, at *12 (N.D. Tex. Feb. 24, 2023) ("The Court finds that these rates are customary in the community and the fees and costs requested are reasonable and were reasonably necessary to prosecute this action."). Accordingly, Wells Fargo is entitled to an award of attorneys' fees and costs in the amount of $4,851.00.

---

[1] "A plaintiff in a contract breach case must recover damages or obtain some other affirmative relief in order to be considered a 'prevailing party' for purposes of an attorney's fee award." *Versata Software, Inc. v. Internet Brands, Inc.*, 902 F. Supp. 2d 841, 865 (E.D. Tex. 2012) (listing cases). If the District Judge awards damages as the undersigned recommends, Wells Fargo will be a prevailing party for the purpose of awarding attorneys' fees.

###### 3.    *Interest*

Wells Fargo also requests prejudgment and post-judgment interest. Dkts. 1, at 4; 9, at 2. Texas law governs the award of prejudgment interest in diversity cases. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).  While no statute governs the award of prejudgment interest for breach-of-contract cases, equitable prejudgment interest is available "as a matter of course." *Matter of Okedokun*, 968 F.3d 378, 392 (5th Cir. 2020) (stating that statutory prejudgment interest applies only in cases of wrongful death, personal injury, property damage, and condemnation); *see also* Tex. Fin. Code §§ 304.102, 304.201. District courts may only exercise their discretion to forgo an award of prejudgment interest when there are "exceptional circumstances." *Id.* There are no exceptional circumstances that counsel against awarding prejudgment interest here. Thus, the undersigned recommends that Wells Fargo be awarded prejudgment interest at the prime rate established by the Federal Reserve from the date Wells Fargo initiated this action until the day preceding the date the District Judge enters final judgment.[2]

Federal law applies to the award of post-judgment interest. *See Travelers Ins. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993) (citing *Chapman & Cole v.*

---

[2] *See Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002) ("Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest."); Tex. Fin. Code § 304.003(c)(2) (providing that the post-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation"); *id.* § 304.104 (except as otherwise provided by statutes inapplicable here, "prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered. Prejudgment interest is computed as simple interest and does not compound").

*Itel Container Int'l B.V.*, 865 F.2d 676, 689 (5th Cir. 1989). In particular, "[i]nterest shall be allowed on any monetary judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Therefore, Wells Fargo should receive post-judgment interest on the entire amount of the final judgment as calculated pursuant to § 1961.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Wells Fargo's Motion for Default Judgment, Dkt. 9, and award Wells Fargo its requested damages and attorneys' fees and costs, including prejudgment and post-judgment interest.

The referral of this case to the Magistrate Judge should now be **CANCELED.**

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985);

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 25, 2024.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE